UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                  Case No. 05-80955

BENJAMIN JOHNSON,                                                        HON. AVERN COHN

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION UNDER RULE 35 (Doc. 1408)

I.

This is a criminal case. Before the Court is defendant Benjamin Johnson's Motion Seeking a Reduction in Sentence under Rule 35. Defendant was part of the "Black Mafia Family," a large cocaine distribution conspiracy that grew out of a drug organization run based in Detroit and eventually extending as far as Los Angeles and Atlanta. In 2005, a grand jury indicted defendant on multiple counts of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846, for possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1), and for conspiracy to launder monetary instruments in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h). The indictment alleged that Johnson acted as a manager "over several aspects of the illegal drug operation," that he transported and distributed cocaine, and that he arranged for the transportation and laundering of money.

Defendant pled guilty under a Rule 11 agreement to one count of conspiracy to

distribute five or more kilograms of cocaine and one count of conspiracy to launder monetary interests. The plea agreement incorporated a separate cooperation agreement. Under the cooperation agreement, the government had discretion to determine whether defendant's cooperation provided substantial assistance such that it would seek a reduction under 5K1.1 or Rule 35. The government also agreed that if it filed for a sentence reduction, it would ask for a sentence of 94-188 months. Ultimately, the government concluded that defendant did not provide substantial assistance, and in fact determined that defendant breached the cooperation agreement by his actions. The government therefore did not move for a sentence reduction on defendant's behalf.

In 2009, defendant was sentenced to 150 months custody.[1] Defendant appealed, arguing that the Government breached his plea agreement by not filing a substantial assistance motion on his behalf, that his plea was not knowing, intelligent, and voluntary, and that his counsel rendered ineffective assistance. The Court of Appeals for the Sixth Circuit rejected defendant's challenges to the plea and declined to review his ineffective assistance of counsel claim. United States v. Johnson, 371 F. App'x 631 (6th Cir. Apr. 6, 2010).

Before the Court is defendant's motion under Rule 35 in which he seeks a reduction in his sentence based on his substantial assistance, or reconsideration of the

---

[1] The Rule 11 agreement calculated defendant's advisory guideline range as 118-255 months. However, the Rule 11 agreement underestimated defendant's criminal history category and assumed, incorrectly, that the safety value applied. With these adjustments, the Presentence Report (PSR) calculated defendant's advisory guidelines range as 262-327. The Court's 150 month sentence was 38 months below the minimum sentence contemplated in the Rule 11 agreement and 112 months below the minimum sentence in the PSR.

government's refusal to file such a motion. (Doc. 1408).[2] The government filed a response. (Doc. 1425). Defendant has filed supplements to his motion. (Docs. 1421, 1422) as well as a letter with an enclosed DVD about the Black Mafia Family.

For the reasons that follow, the motion will be denied.

II.

Defendant moves for relief under Fed. R. Crim. P. 35(a) and (b). Under Rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). After Rule94-188 35(a)'s, 14 day window has closed, a district judge is only allowed to correct clerical errors. See Rule 36.

Defendant is clearly not entitled to relief under Rule 35(a) as more than 14 days has elapsed since his sentence was imposed and defendant has not alleged a clerical error in his sentence.

Under Rule 35(b), "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b).

Defendant is also not entitled to relief under Rule 35(b). First, such a motion must be made by the government, not defendant. Moreover, the issue of defendant's cooperation, and the government's refusal to file a downward departure motion, was

---

[2]Defendant also filed a motion requesting a copy of transcripts and other documents. (Doc. 1409). Given that defendant is not entitled to relief under Rule 35, this motion is also DENIED.

3

raised and rejected on appeal. The Sixth Circuit explained:

> Where "the defendant's plea agreement afford[s] the government 'complete discretion' to determine whether to file a motion for downward departure, [this court] 'may review the government's refusal only for unconstitutional motives.' " United States v. Hawkins, 274 F.3d 420, 428 (6th Cir.2001) (quoting United States v. Moore, 225 F.3d 637, 641 (6th Cir.2000)). The cooperation agreement provided that it was "exclusively within the government's discretion to determine whether defendant has provided substantial assistance." Because Johnson does not allege any unconstitutional motive, his claim that the Government breached his plea agreement fails. Further, the Government's decision not to make a substantial assistance motion found support in the record. The cooperation agreement, which was incorporated by reference into the plea agreement, provided that "[a]ny actions or statements inconsistent with continued cooperation under this agreement, including ... any ... conduct which in any way undermines the effectiveness of defendant's cooperation, constitutes a breach of this agreement." Johnson undermined the effectiveness of his cooperation by filing a lawsuit which alleged that federal and state officials had conspired to hold him illegally in state prison "to secure [his] presents [sic] in Federal Court to testify for the Government." This complaint undermined Johnson's value as a witness, as the claims made by Johnson's suit rendered him vulnerable to cross examination suggesting that his testimony was coerced.

Johnson, 371 F. App'x at 636. As explained by the Sixth Circuit and in the government's response to defendant's motion, there is no basis to challenge the government's decision not to file a Rule 35 motion. Defendant is not entitled to a reduction of sentence based on his belief that he provided substantial assistance. The motion is DENIED.

    SO ORDERED.

                                             s/Avern Cohn
                                             UNITED STATES DISTRICT JUDGE

Dated: October 3, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2013, by electronic and/or ordinary mail.

                                             S/Sakne Chami
                                             Case Manager, (313) 234-5160